UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE WILLIAMS,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SAN DIEGO SHERIFF'S DEP'T.,<br><br>　　　　　　　　　　Respondent. | Case No.: 3:22-cv-00816-LAB-DEB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. 2]**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** |

On May 31, 2022, Petitioner Tommy Lee Williams, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Dkt. 1, Petition for Writ of Habeas Corpus ("Pet.")), and a motion to proceed in forma pauperis, (Dkt. 2).

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner filed a prison certificate in support of his motion to proceed in forma pauperis, which reflects a $703.80 balance in his prison trust account. (Dkt. 2 at 5). The filing fee associated with this type of action is $5.00. *See* 28 U.S.C. § 1914(a). Thus, it appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

## II. FAILURE TO STATE A COGNIZABLE HABEAS CORPUS CLAIM

A petition for writ of habeas corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 935. On the other hand, a § 1983 action is the proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Preiser*, 411 U.S. at 499; *Nettles*, 830 F.3d at 935.

Here, Petitioner alleges, in part, that jail personnel are creating "false incident reports," unlawfully taking his Veteran's Administration checks, and allowing inmates to take drugs. (Pet. at 6–20). He also alleges that he was "thrown in Ad Seg"; denied access to a shower, a doctor, and his lawyer; deprived of sleep; and given dirty razors and laundry. (*Id.*). Petitioner's claims aren't cognizable on habeas because they don't challenge the constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994); *Nettles*, 830 F.3d at 935. Instead, he challenges the conditions of his prison life. Thus, Petitioner hasn't stated a cognizable habeas claim pursuant to § 2254.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to proceed in forma pauperis, (Dkt. 2), and **DISMISSES** this case **WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND**. If Petitioner wishes to challenge the conditions of

his confinement, he must file a new civil action pursuant to 42 U.S.C. § 1983, which will be given a new case number. **The Clerk of Court is directed to mail Petitioner a blank 42 U.S.C. § 1983 civil complaint form together with a copy of this Order.**[1]

**IT IS SO ORDERED.**

Dated: July 6, 2022

_____
Hon. Larry Alan Burns
United States District Judge

---

[1] Petitioner filed a separate habeas corpus petition in this Court in Case No. 3:22-cv-00524-GPC-NLS, which challenges the same conviction as Petitioner seeks to challenge in this case; the Court dismissed that case on abstention grounds. *See Williams v. Fisher*, S.D. Cal. Case No. 3:22-cv-00524-GPC-NLS, Dkt. 2. Petitioner is advised that should he seek to challenge his state court criminal proceedings in this case, it will also be subject to dismissal on abstention grounds.